UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OLIVER M. BOLING, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 3:CV-07-1133 |
| DR. ANTHONY BUSSANICH, et al., | : (Judge Kosik) |
| Defendants | : |

## **MEMORANDUM AND ORDER**

**Background**

Oliver M. Boling, through counsel, filed the instant action under Bivens[1] and the Federal Tort Claims Act ("FTCA") on June 25, 2007. The matter proceeds on an amended complaint filed on November 9, 2007. (Doc. 16.) Named as Defendants are the following current or former employees at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania, Boling's former place of confinement: Dr. Anthony Bussanich, Clinical Director of Health Services; Ivan Navarro and Luis Ramirez, Physician Assistants; Howard Hufford, Assistant Warden; and John Does 1-10, medical staff employees. Also named for purposes of the FTCA claim is the United States of America. In the complaint, Plaintiff alleges that beginning in early July of 2005, he

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

developed what was later diagnosed as colovesicular fistula, a serious medical condition. He claims that from July through October of 2005, Defendants were deliberately indifferent to his condition when they ignored his requests and need for medical treatment. Plaintiff describes how he suffered from blood and feces in his urine and the pain he endured. He details how despite submitting thirteen (13) Inmate Requests for treatment to Defendant Bussanich, he received no response or treatment. He also alleges how Defendants Navarro and Ramirez refused to treat him despite their knowledge of his symptoms and need for treatment. Plaintiff also contends that he advised Defendant Hufford about his condition and the lack of treatment, but that he failed to remedy the situation. Plaintiff alleges that in October of 2005, he received limited, inadequate treatment which clearly evidences Defendants' deliberate indifference to his serious medical need.

Presently pending are Defendants' motion to dismiss/for summary judgment (Doc. 19) and Plaintiff's cross-motion for partial summary judgment[2] (Doc. 42). Supporting and opposing briefs, statements of material fact and some evidentiary materials have been submitted in support of the motions. For the reasons that follow, the motions will be

---

[2] In the cross-motion, Plaintiff seeks the denial of Defendants' summary judgment on the <u>Bivens</u> claim asserting the existence of disputed issues of material fact. Plaintiff seeks an award of summary judgment on the FTCA claim, alleging that no disputed issues of material fact exist. In the alternative, he requests the denial of Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56(f) to afford him the opportunity to obtain affidavits and other discovery essential to the opposition of Defendants' motion. (Doc. 44.)

denied, and the parties afforded six months within which to conduct discovery. At the conclusion of this time period, the matter will be set for trial at the convenience of the court.

**Discussion**

Defendants filed the pending motion to dismiss/motion for summary judgment in response to amended complaint. In support of their motion, they submit the declarations of Defendants Bussanich, Navarro, Ramirez and Hufford. (Doc. 23, Exs. 1-4.) They admit that the record is limited, but argue that there is no medical record that Plaintiff came to sick call or was seen by any Health Services staff member during the time period July 5, 2005 through July 11, 2005, and contend that he made no complaint/presented no symptoms related to the issues in the complaint until mid October 2005. After that point, they contend he was provided with medical care for his condition.

Plaintiff, in opposing Defendants' motion and filing his cross-motion for partial summary judgment, submits his own declaration, as well as the declaration of a medical expert, Dr. Davi, and an affidavit pursuant to Fed. R. Civ.P. 56(f) of Timothy P. Matthews. (Docs. 46, 47, Exs. A-C.)

In reviewing all of the documents, there is no question that Plaintiff's medical condition was a serious one. Numerous genuine issues of material fact do exist, however, with regard to whether Defendants were deliberately indifferent in violation of the Eighth Amendment, and also with regard to Plaintiff's FTCA claim. Plaintiff is also correct in arguing that he has not been afforded time within which to conduct discovery, and that

3

discovery is necessary with regard to some of the issues in this case. In support of his argument, he submits the affidavit of Timothy P. Matthews, counsel of record for Plaintiff in this action. (Doc. 47, Ex. B.) According to Matthews, it is necessary for Plaintiff to conduct discovery to seek information which includes the identities of the John Doe Health Services staff members and to be provided an opportunity to obtain and examine Plaintiff's entire medical record as well as obtain other information including whether said staff members delivered his Inmate Requests to Defendant Bussanich and the proper procedures related to inmate Health Services at USP-Lewisburg.

In light of the procedural posture of this case, the lack of opportunity for discovery and the existence of numerous issues of material fact, the court will deny Defendants' pending motion to dismiss/motion for summary judgment, and deny Plaintiff's cross-motion for summary judgment, but grant Plaintiff's request to conduct discovery in this matter. A six (6) month period for conducting discovery in this case will be imposed. At the conclusion of the discovery period, the matter will be set for trial at the convenience of the court.

**ACCORDINGLY, THIS 11th DAY OF SEPTEMBER, 2008, IT IS HEREBY ORDERED THAT:**

1. Defendants' motion to dismiss/motion for summary judgment (Doc. 19) is **denied**.

2. Plaintiff's cross-motion for partial summary judgment (Doc. 42) is **denied** to the extent that summary judgment will not be granted with regard to the FTCA claim. The motion will be **granted** to the extent that a discovery period will be imposed in this case.

3. The parties shall have six (6) months from the date of this Order within which to conduct discovery in this case. At the conclusion of this time period, the matter will be set for trial at the convenience of the court.


*s/EDWIN M. KOSIK*
United States District Judge